IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:11cv226-GCM[1]
(3:07cr79 – FDW – 6)

| | |
|---|---|
| RUBEN ORTIZ BARRAZA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Also before the Court is Petitioner's Motion to Amend his § 2255 Motion to Vacate. (Doc. 2.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted on December 18, 2007, of conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana, in violation of 21 U.S.C.A. §§ 846, 841(b)(1)(A) (Count One), and possession with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C.A. §§ 841(a), (b)(1(B) and 18 U.S.C. § 2 (Count Two). (Case No. 3:07cr79, Doc. 130: Third Superseding Indictment.) For Count One, however, Petitioner's jury, convicted him of conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C.A. §§ 846, 841(b)(1)(B). (Id. at Doc. 194.) The jury also convicted Petitioner of Count Two as charged in the indictment. (Id.)

---

[1]This case has been reassigned to the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney currently is out of the district for an extended period. See 3:11mc67-W, Doc. 1.

Prior to sentencing, a Presentence Report ("PSR") was prepared, which determined that the amount of marijuana reasonably foreseeable by Petitioner under the conspiracy count was in excess of 4,000 kilograms. (Id. at Doc. 241, ¶ 18.) Based on the quantity of drugs reasonably foreseeable by Petitioner, the PSR calculated Petitioner's base offense level at 34 with a four-level enhancement for a leadership role in the conspiracy bringing the total offense level to 38. (Id. at ¶¶ 23-33.) At sentencing on February 25, 2009, the defense objected to the drug quantity amount in the PSR, and after a lengthy hearing on the issue, the district court overruled the objection. Petitioner was sentenced within the guidelines range to 290 months imprisonment and four years of supervised release for each count, to run concurrently. (Id. at Doc. 274.)

Petitioner appealed, and on February 19, 2010, the Fourth Circuit Court of Appeals, in an unpublished opinion, affirmed his convictions and sentences. (Case No. 3:07cr79, Doc. 349.) It is not clear from the record whether Petitioner filed a petition for writ of certiorari in the United States Supreme Court, but on May 6, 2011, he timely filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) On June 27, 2011, he filed a Motion to Amend his § 2255 Motion to add a claim under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons stated herein, Petitioner's motion shall be dismissed..

The thrust of Petitioner's Motion is that he should not have been held accountable for

2

4,000 kilograms of marijuana at sentencing when the jury only found him responsible for at least 100 kilograms of marijuana under both the conspiracy and possession counts. All of his § 2255 claims center around this argument, as does his Motion to Amend.

Although he raises four grounds in his § 2255 Motion, he makes three distinct attacks. The first alleges trial court error in failing to give certain jury instructions that he believes would have resulted in a specific drug quantity finding by the jury. His second allegation is that trial counsel was ineffective for failing to request jury instructions that would have resulted in a specific drug quantity finding by the jury. He raises a related ineffective assistance of appellate counsel claim. His third claim is that he was denied his Sixth Amendment right to a jury trial when the trial court held him responsible for a drug quantity not specifically found by the jury. In his Motion to Amend[2], Petitioner claims that his sentence on the conspiracy count violated the rule set forth in Apprendi that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

### A. PROCEDURALLY BARRED CLAIMS

In Grounds One and Two of his Motion, Petitioner claims that the district court erred in failing to instruct the jury that for the purpose of setting a specific threshold drug quantity under 21 U.S.C. § 841(b), it had to determine the amount of marijuana attributable to each defendant and that it had to apply Pinkerton[3] principles to its calculation of the threshold quantity. (Doc. 1

---

[2]Petitioner's Motion to Amend is untimely. See 28 U.S.C. § 2255(f)(1). However, it will be allowed because it relates back to the claims raised in the § 2255 Motion. See Fed. R. Civ. P. 15(c)(1); United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Indeed, it essentially sticks a new label on arguments already made in the Motion to Vacate.

[3]Pinkerton v. United States, 328 U.S. 640 (1946).

3

at 4.) In Ground Four of his Motion, Petitioner alleges that his sentence violated the Sixth Amendment. Although he does not make any factual allegations in his Motion with respect to this claim (id. at 5), it appears from his attached memorandum of support that Petitioner's claim is that his right to trial by jury was violated when the Court sentenced him based on a drug quantity not specifically found by the jury. Finally, in his Motion to Amend, Petitioner claims that his sentence violated Apprendi because the jury did not find beyond a reasonable doubt that he conspired to distributed more than 100 kilograms of marijuana. (Doc. 2 at 2.) All four of these claims could have been raised on direct appeal but were not.

    Generally, claims that could have been, but were not, raised on direct review are procedurally barred by default on federal habeas review. See United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (citations omitted). In order to collaterally attack a conviction or sentence based upon alleged errors that could have been pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of, or that he is actually innocent. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citations omitted).

    Although Petitioner asserts that Grounds One, Two, and Four were not raised due to appellate counsel's ineffectiveness[4] (Doc. 1 at ¶ 13), this conclusory assertion falls far short of establishing "cause" for his procedural default. As the Supreme Court has observed, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 486 (1986). Rather, to establish "cause" for his procedural default of

---

[4] Petitioner does not make a similar assertion with respect to the Apprendi claim raised in his Motion to Amend.

these claims, Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the [ ] procedural rule." Id. at 488.

Here, Petitioner has not identified any factor external to the defense that impeded counsel's ability to raise these issues on appeal. Consequently, he has not established cause to excuse his default of these claims See id. Nor has he demonstrated that he is actually innocent of the charges for which he was sentenced. Petitioner's claims raised in Grounds One, Two, and Four are procedurally barred by default, as is his Apprendi claim raised in the Motion to Amend.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Ground Three of Petitioner's Motion claims that counsel was ineffective at trial and on appeal in violation of the Sixth Amendment. (Doc. 1 at 4.) Although he does not make any factual allegations in his Motion with respect to this claim (id.), it appears from his attached memorandum of support, that his claim is that trial counsel was ineffective for failing to object to the trial court's jury instructions regarding drug quantity amounts and for failing to request a Pinkerton instruction. Similarly, Petitioner argues in the memorandum that appellate counsel was ineffective for failing to raise the jury instruction errors on appeal.

In Strickland v. Washington, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, that there is a reasonable probability that but for the error, the outcome of the proceeding would have been different. 466 U.S. 668, 687-91 (1984). Petitioner bears the burden of proving Strickland prejudice. Fields v. Attorney General of Md., 956 F.2d 1290, 1297 (4th Cir. 1995) (citation omitted). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. (citing

5

Strickland, 466 U.S. at 697). The right to effective assistance of counsel extends to the direct appeal phase of the case as well. Evitts v. Lucey, 469 U.S. 387, 396 (1985) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").

In United States v. Collins, the Fourth Circuit explained that the threshold drug quantities for penalty purposes under § 841(b) must be determined by a jury beyond a reasonable doubt. 415 F.3d 304, 3z14 (4th Cir. 2005). The court also held that a district court must instruct a jury that in establishing the threshold drug quantities, it must, pursuant to Pinkerton, determine the quantity attributable to each co-conspirator or the amount that was in furtherance of the conspiracy and reasonably foreseeable to each defendant as opposed to the conspiracy as a whole.[5] Id. Petitioner claims that trial counsel was ineffective for failing to request that the Court instruct the jury that for purposes of setting a specific threshold drug quantity under 21 U.S.C. § 841(b) it had to determine the amount of marijuana attributable to each defendant. Petitioner also claims that counsel was ineffective for failing request that the Court instruct the jury that it "must apply the Pinkerton principles to their calculation of the threshold quantity." (Doc. 1 at 4). The record reflects, however, that the Court's instructions were appropriate and consistent with the principles discussed in Pinkerton and Collins.

With respect to Count One, the conspiracy count, the Court instructed the jury on the elements of a conspiracy and then instructed the jurors that if they "return[ed] a verdict of guilty

---

[5]"The Pinkerton doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." United States v. Ashley, 606 F.3d 135, 142–43 (4th Cir.), cert. denied, ––– U.S. ––––, 131 S.Ct. 428, 178 L.Ed.2d 333 (2010).

6

on Count One [they] must then determine the quantity of marijuana involved in the overall conspiracy." (Criminal Case 3:07cr79, Doc. No. 253: Trial Tr. Vol. V at 1114.) The Court explained that the jury would be asked on the special verdict sheet to determine whether the government had proved beyond a reasonable doubt the quantities of marijuana involved in the charged conspiracy. (Id.) Consistent with Pinkerton and Collins, the Court went on to explain that "[w]hen determining a drug quantity you should keep in mind that all members of a conspiracy are responsible for acts committed by the other members as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement." (Id.) The special verdict sheet reflects that the jury found Petitioner guilty of Count One and that the conspiracy as to Petitioner involved distribution of at least 100 kilograms of marijuana. (Id. at Doc. 194 ¶¶ 2, 2(a).)

With respect to Count Two, the Court instructed the jury on the elements of possession with intent to distribute and then instructed that

> [i]f you find that the government has proven beyond a reasonable doubt the three elements that [the Court] [has] just described to you, then there's one more issue that you must decide. [The Court has] provided you with a special verdict form asking you to fill in the amount and type of drugs each defendant possessed or distributed. The burden is on the government to establish the type and amount of drugs beyond a reasonable doubt.

(Id. at Doc. No. 253: Trial Tr. Vol. V, p. 1122). Again, the verdict sheet reflects that the jury found Petitioner guilty of Count Two and that Petitioner possessed or aided and abetted the possession of at least 100 kilograms of marijuana. (Id. at Doc. 194 ¶¶ 5, 5(a).)

Because the Court did not give instructions that were inconsistent with Pinkerton and Collins, Petitioner cannot show that counsel's representation was constitutionally deficient for not requesting additional instructions regarding drug quantities. Nor can Petitioner show that he

7

was prejudiced thereby. Similarly, because the Court did not err in its instructions, appellate counsel was not ineffective for not raising the issue on appeal. Consequently, Petitioner's ineffective assistance of counsel claims must be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate shall be dismissed. Furthermore, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that the dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

### III. ORDER

**IT IS, THEREFORE, ORDERED** that**:**

1. The Clerk is directed to reassign this case to the Honorable Graham C. Mullen, Senior United States District Judge;

2. Petitioner's Motion to Amend his § 2255 Motion to Vacate (Doc. 2) is **GRANTED**;

3. Petitioner's amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** and **DENIED**; and

4. A certificate of appealability shall not issue in this case.

**SO ORDERED**.

Signed: June 28, 2011

Graham C. Mullen
United States District Judge